
FILED
2024 Jul-18  PM 03:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH LAYMOND COLVIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **7:22-cv-08003-LSC** |
| | ) | **(7:17-cr-00521-LSC-HNJ)** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OF OPINION

### I.    Introduction

Before this Court is a motion by Joseph Laymond Colvin ("Colvin" or "Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government has responded in opposition to the motion. (Doc. 9.) For the reasons set forth below, Colvin's § 2255 motion is due to be denied and this action dismissed without an evidentiary hearing.

Colvin also has several other pending motions. On September 1, 2022, Colvin filed a motion to supplement his § 2255 motion with an additional ground. (Doc. 8.) For reasons set forth below, this motion to supplement is denied. Additionally,

Colvin filed a request for a 90-day extension for his original § 2255 motion in December of 2021. (Cr. Doc.[1] 61.) Because his original § 2255 motion has been timely filed, an extension is not necessary and his request for an extension is moot. Lastly, he filed a motion for an evidentiary hearing. (Doc. 13.) Because this Court finds a hearing is not necessary and his action is due to be dismissed, his motion for an evidentiary hearing (doc. 13) is also denied.

## II.   Background

### A.  Charges and Sentencing

In November of 2017, Colvin was indicted on one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Cr. Doc. 1.) In October of 2018, he filed a motion to suppress the evidence obtained by police officers in the encounter, asserting a violation of his Fourth Amendment rights. (Cr. Doc. 24.) Following a hearing, the motion to suppress was denied, and Colvin conditionally pled guilty, reserving his right to appeal the denial of the suppression motion. (Cr. Doc. 32.) He was then sentenced to 240 months imprisonment. (Cr. Doc. 44 at 2.) Colvin appealed to the Eleventh Circuit, where his conviction was affirmed on July 28, 2020, and issued as mandate on November 2, 2020. (Cr. Doc. 58.) During the

---

[1] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, *United States v. Colvin*, No. 7:17-cr-521-LSC-HNJ.

suppression hearing, he was represented by Stuart Albea. (Doc. 1 at 7.) During sentencing and on appeal, he was represented by Jason Neff. (*Id.*)

### B.  § 2255 Proceedings

On January 27, 2022, Colvin filed his § 2255 motion. (Doc. 1.) He asserts four grounds upon which he claims § 2255 relief should be granted, all of which are based on ineffective assistance of counsel. Two of the grounds relate to his representation by Stuart Albea during his suppression hearing, and can be categorized as follows:

1. Counsel failed to provide requested body camera footage for the hearing, which would have "cleared up all discrepancies as to the stop." (Doc. 1 at 3.)

2. Counsel failed to investigate the procedure and policy of the Tuscaloosa Police Department related to their use of body cameras. (*Id.* at 4.)

One of the grounds relates to his representation by Jason Neff during sentencing, and can be divided as follows:

1. Counsel failed to present the defendant's mental health history and diagnoses as mitigating factors for his sentence. (*Id.* at 5.)

2. Counsel failed to request a categorical approach in the analysis of his criminal history as it relates to the Armed Career Criminal Act (ACCA). (*Id.*)

3. Counsel failed to object to the Government's decision not to grant him one of the point reductions for acceptance of responsibility. (*Id.*)

The final ground relates to his representation by Jason Neff during the appeal process, and can be divided as follows:

1. Counsel failed to present an appealable issue of whether there was probable cause to conduct a Terry Stop. (*Id.* at 6.)

2. Counsel failed to provide body camera footage requested by the defendant. (*Id.*)

For the reasons outlined below, the Court finds these claims are without merit and due to be denied without an evidentiary hearing.

### III.   Timeliness

Judgment was entered against Colvin on May 28, 2019. (Cr. Doc. 44.) Colvin appealed to the Eleventh Circuit; and on July 28, 2020, the appeal decision was entered. (Cr. Doc. 58.) The Eleventh Circuit's decision was then issued as mandate on November 2, 2020. (*Id.*) Colvin did not file a petition for a writ of certiorari; therefore, the Eleventh Circuit's decision became final ninety days after the Eleventh Circuit decision. *See* SUP. CT. R. 13*; see also Michel v. United States*, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008) ("When no petition for writ of certiorari is filed, the judgment becomes final for § 2255 purposes when the time for filing the

petition expires. *Clay v. United States*, 537 U.S. 522, 524 (2003). A petition for writ of certiorari must be filed within 90 days of the day the appellate court's judgment was entered."). "The Court's control over the judgment below comes to an end after the mandate has been issued." *Meredith v. Fair*, 306 F.2d 374, 376 (5th Cir.[2] 1962). Therefore, the ninety-day period from which the petition for writ of certiorari must be filed began when the Eleventh Circuit declared the mandate. His judgment became final on January 31, 2021. Because Colvin filed his § 2255 motion on January 27, 2022, which is within one year of the date that the judgment of his conviction became final, the motion is timely. *See* 28 U.S.C. § 2255(f)(1).

Colvin is bringing his first § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See id.* At § § 2255(h), 2244(b)(3)(A).

Colvin filed a motion to supplement his § 2255 motion with an additional ground on September 1, 2022. (Doc. 8.) Supplemental grounds to a § 2255 motion must also be filed within one year of the final judgment unless they "relate back" to a previous timely filed § 2255 motion. *See, Jeffries v. U.S.*, 748 F.3d 1310, 1313-1314 (11th Cir. 2014). Because Colvin's motion to supplement was filed after

---

[2] Fifth Circuit precedent is binding in the Eleventh Circuit if the decision was handed down before September 30, 1981. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

January 31, 2021, it is not timely. It also describes different conduct than that which is included in his original § 2255 motion, so it does not "relate back" to his original motion. It does not relate to conduct of any of his lawyers. Colvin's motion to supplement his § 2255 motion (doc. 8) is therefore denied as untimely.

## IV.  Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are limited. A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)). In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required

where the [movant's] allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)). However, it is appropriate for the court to conduct an evidentiary hearing if, "accept[ing] all of the [movant's] alleged facts as true," the movant has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

### V.      Discussion

Colvin asserts many grounds of ineffective assistance of counsel in his § 2255 motion against two different lawyers and at different points in the proceedings of his case. Because these assertions are meritless, they will be dismissed without an evidentiary hearing.

Claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion and are therefore not subject to a procedural bar for failing to raise them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). An ineffective assistance of counsel claim has two components: first, the petitioner "must show that the counsel's performance was deficient;" second, the petitioner "must show that the deficient performance prejudiced the defense." *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984). To satisfy the first component, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The second component is satisfied only when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In examining counsel's performance, the Court should be "highly deferential." *Id.* at 689. The Court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* The Court must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*; *see Bell v. Cone*, 535 U.S. 685, 702 (2002) (holding that "tactical decision[s] about which competent lawyers might disagree" do not qualify as objectively unreasonable). A petitioner who seeks to overcome this presumption does not carry his burden by offering bare accusations and complaints, but rather "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The defendant must show "that

no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

Where a petitioner fails to show that his counsel's performance fell below an objective standard of reasonableness, the court need not address the issue of prejudice. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). Where the court does consider this prong, the petitioner must show that counsel's errors were prejudicial and "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. This burden is met by establishing by a reasonable probability that the outcome of the proceeding would have been different but for counsel's errors. *Williams v. Threatt*, 529 U.S. 362, 391–93 (2000); *Strickland*, 466 U.S. at 691. "In the context of a guilty plea, a petitioner must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Martin v. United States*, 949 F.3d 662, 667 (11th Cir. 2020) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent

that reasonable professional judgments support the limitations on investigation."

*Strickland*, 466 U.S. at 690–91.

### A. Suppression Hearing Allegations

Colvin argues that counsel failed to provide and utilize body camera footage

from his encounter with police during his suppression hearing. (Doc. 1 at 3.) He

argues that "[t]his footage would have cleared up all discrepancies as to the stop."

(*Id.*) Colvin does not describe what those discrepancies are, or how the body

camera footage would have resolved them. Further, he claims that he was lied to

about the existence of the footage. (*Id.*) However, he did not provide evidence that

proves that Mr. Albea lied to him about the existence of the footage. He only

provided the discovery report containing the footage, but it is dated October 17,

2018. (*Id.* at 13.) This date is precisely in line with Mr. Albea's explanation that he

had not received the body camera footage until after the suppression hearing

which was held on October 11, 2018. (Doc. 9-1.) There is no evidence otherwise in

the record that Mr. Albea lied about the existence of the footage or withheld it

from Colvin for the purposes of the suppression hearing. Further, Mr. Albea

explained that upon receiving and reviewing the footage, he decided that it would

only hurt, not support his case. (*Id.*) Mr. Albea's professional judgment was also the

reason he gave for not investigating further into Tuscaloosa's body camera policy

(*Id.*), another ground on which Colvin makes his § 2255 claim. (Doc. 1 at 4.) Mr. Albea's decision not to investigate the body camera footage further was a strategic decision made as a result of his professional judgment. *See Strickland*, 466 U.S. at 690–91. Colvin also failed to substantiate that Mr. Albea lied or withheld footage from him, so his claim is without merit and due to be dismissed.

### B. Sentencing Hearing Allegations

#### i. Mental Health History

Colvin argues that during his sentencing hearing, counsel "failed to present mitigating factors including but not limited to defendant's recent mental health issues." (Doc. 1 at 5.) While Mr. Neff did not mention Colvin's mental health during his sentencing hearing, a detailed description of his mental health history was included in his Presentence Investigation Report, ("PSR") which was considered by the Court for sentencing purposes. (Cr. Doc. 43 at 30.) It contains his history of mental health center visits, mental health conditions, and both past and current medications. (*Id.*) Colvin fails to show that any competent lawyer would have additionally brought up such information during the hearing. *See Chandler,* 218 F.3d at 1315.

This Court need not address the prejudice prong of *Strickland* where Petitioner has not shown deficient performance of counsel. *See Holladay*, 209 F.3d

at 1248. However, even if this decision by counsel was deficient, Colvin cannot prove prejudice. Had Mr. Neff additionally brought up Colvin's mental health during the sentencing hearing, it would not have changed the result of his sentence because the matter was already considered by this Court. *See Strickland*, 466 U.S. at 691. Therefore, Colvin's argument is meritless and due to be denied.

### ii. ACCA Categorical Approach

Colvin argues that "Counsel failed to request a categorical approach to determine if [the] defendant was [an] actual ACCA violator." (Doc. 1 at 5.) Regardless, Colvin's previous convictions satisfy the ACCA, and he properly received an enhancement to his sentence. Under the Armed Career Criminal Act, a defendant convicted of being a felon in possession of a firearm faces a 15-year minimum if he has three or more previous convictions for a "serious drug offense" or a "violent felony." *Johnson v. United States*, 576 U.S. 591, 593 (2015). The Act defines a "serious drug offense" as:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or

> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act

(21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

18 U.S.C.A. § 924(e)(2)(A) (West).

### a. First Predicate Offense

On February 12, 2007, Colvin was convicted of unlawful distribution of a controlled substance in Tuscaloosa County Circuit Court and sentenced to nine years and two months in custody. (Cr. Doc. 43 at 14.) "According to the indictment, the defendant did unlawfully sell, furnish, give away, manufacture, deliver, or distribute marijuana within a three-mile radius of a school or a public housing project." (*Id.*)

Under Alabama law, a person commits the crime of unlawful distribution of a controlled substance if he "sells, furnishes, gives away, delivers, or distributes a controlled substance." Ala. Code § 13A-12-211(a). Convictions under Alabama law for Unlawful Distribution of a Controlled Substance satisfy the ACCA because it is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii); *See Hollis v. US,* 958 F.3d 1120, 1123 (11th Cir. 2020). Additionally, an enhancement under the ACCA requires the predicate offense to have "a maximum term of imprisonment of ten years or more is prescribed by law." 18

U.S.C. § 924(e)(2)(A)(ii). Ala. Code § 13A-12-211 is a Class B felony punishable by up to twenty years. §§ 13A-5-6(a)(2), 13A-12-211(b). Thus, it meets the requirements of a predicate offense for the purposes of an ACCA enhancement and can be properly relied upon in enhancing Colvin's sentence.

### b. Second Predicate Offense

On November 21, 2013, Colvin was convicted of possession of marijuana, 1st Degree in Tuscaloosa County Circuit Court and sentenced to forty-five months in custody. (Cr. Doc. 43 at 19.) "According to the indictment, the defendant did unlawfully possess a quantity of marijuana for other than personal use." (*Id.*)

Under Alabama law, a person commits the crime of possession of marijuana if 1) he possesses marijuana for other than personal use; or 2) he possesses marijuana for his personal use only after having been previously convicted of unlawful possession of marijuana in the second degree or unlawful possession of marijuana for his personal use only." Ala. Code § 13A-12-213(a). A conviction under § 13A-12-213 for possession of marijuana for other than personal use qualifies as a serious drug offense for purposes of the ACCA. *U.S. v. Robinson*, 583 F.3d 1292, 1296 (11th Cir. 2009). This offense is a Class C felony, punishable by up to 10 years. §§ 13A-5-6(a)(3), 13A-12-213(b). Thus, it meets the requirements of a predicate

offense for the purposes of an ACCA enhancement and can properly be relied upon in enhancing Colvin's sentence.

### c. Third Predicate Offense

On February 19, 2014, Colvin was convicted of unlawful distribution of a controlled substance in Tuscaloosa County Circuit Court and sentenced to forty-five months in custody. (Cr. Doc. 43 at 20.) "According to the indictment, the defendant did unlawfully sell, furnish, give away, manufacture, deliver, or distribute cocaine while within a three-mile radius of a school." (*Id.*)

This state law appears to be the same as Colvin's first predicate offense listed above. Therefore, this offense meets § 924(e)(2)(A)(ii)'s requirement as a state law offense involving the distribution of a controlled substance. *Hollis v. US*, 958 F.3d 1120, 1123 (11th Cir. 2020).

Colvin fails to prove that any competent lawyer would have argued a categorical approach under the ACCA. *See Chandler,* 218 F.3d at 1315. Because Colvin's sentence was properly enhanced by the ACCA, a difference in approach by counsel would not change the result of his sentencing hearing, so Colvin also cannot prove prejudice. *See Strickland*, 466 U.S. at 691. Therefore, Colvin's claim is meritless and due to be denied.

### iii. Acceptance of Responsibility Sentencing Point

Colvin argues that counsel failed to object to him not receiving all three of the point reductions for acceptance of responsibility during sentencing. (Doc. 1 at 5.) There are three possible point deductions a defendant can receive related to acceptance of responsibility, and Colvin received two. (Cr. Doc. 43 at 9.) He is contesting not receiving the third. However, Mr. Neff did object, and the issue was considered at the sentencing hearing. (Cr. Doc. 50 at 7.) This Court overruled Mr. Neff's objection after the Government confirmed that the third point is granted at the Government's discretion by motion, and that the Government decided not to award the additional point in this case. (*Id.* at 7-8.) The United States Sentencing Commission's Guidelines Manual says that defendants who qualify for the first two points are entitled to a decrease of an additional level, "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct . . ." USSG §3E1.1. Because Mr. Neff did object to the issue of the additional sentencing point and it was rejected by this Court, and because it was at the Government's discretion whether or not Colvin received it, his claim is meritless and due to be dismissed.

## C. Appellate Process Allegations

### i. Appealable Issue - Terry Stop

Colvin argues that "Counsel failed to present an appealable issue when he did not review the suppression hearing issue of whether there was probable cause to conduct a Terry Stop." (Doc. 1 at 6.) The Eleventh Circuit has already ruled on the constitutionality of Colvin's encounter with police in his direct appeal, holding that, "because the encounter did not qualify as a seizure, there was no violation of Colvin's constitutional rights." (Cr. Doc. 58 at 5.) "It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that [the Eleventh Circuit] rejected in his direct appeal." *Stoufflet v. US*, 757 F.3d 1236, 1239 (11th Cir. 2014). By arguing a lack of probable cause for his stop, he implicates its constitutionality, which has already been ruled on by the Eleventh Circuit. Therefore, Colvin is procedurally barred from making the argument in his § 2255 motion, and it is due to be dismissed.

### ii. Body Camera Footage

Colvin also claims that Mr. Neff lied about possessing the body camera footage related to his encounter with police. (Doc 1. at 6.) In support of this claim, Colvin provided emails between himself and Mr. Neff discussing the footage, in which Mr. Neff initially purported that the footage had not been preserved due to the time elapsed since his arrest, but then says that he is working on providing him

the footage. (Doc. 1 at 16-18.) According to Mr. Neff, he was the one who eventually received the video from the City of Tuscaloosa and provided it to Colvin. (Doc. 9-2 at 2.) He also shared Mr. Albea's view that the footage does not support Colvin's case. (*Id.*) Colvin also fails to adequately explain what the video would have showed and how that could have impacted this case. Similar to his claims against Mr. Albea concerning the body camera footage, Colvin fails to substantiate that Mr. Neff lied or withheld the footage from him, making his claim meritless and due to be denied.

## VI.  Conclusion

For the foregoing reasons, Colvin's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate

to deserve to proceed further." *Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003)*
*(internal quotations omitted).* This Court finds that Colvin's claims do not satisfy
either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on July 18, 2024.

_____
L. Scott Coogler
United States District Judge

215708